**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JASON CARREON,** | ) | |
|      **#1778043,** | ) | |
|           **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:14-CV-2442-D (BH)** |
| | ) | |
| **LORIE DAVIS,[1] Director,** | ) | |
| **Texas Department of Criminal** | ) | |
| **Justice Correctional Institutions Division,** | ) | |
|           **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be denied as barred by the statute of limitations.

## I. BACKGROUND

Jason Carreon (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is Lorie Davis, Director of TDCJ-CID.

On May 10, 2010, Petitioner pled guilty to, and was convicted of, indecency with a child in Cause Nos. 34448CR, 34449CR (2 counts), and 34450CR, in the 40th Judicial District Court of Ellis County, Texas, and he was sentenced to ten years of deferred adjudication probation in each case. (*See* doc. 13-4 at 57[2]; doc. 13-7 at 58; doc. 13-10 at 55). He did not appeal. After pleading true to the State's allegation that he violated the conditions of probation, Petitioner was adjudicated guilty

---

[1] Lorie Davis succeeded William Stephens as Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Under Rule 25(d) of the Federal Rules of Civil Procedure, she "is automatically substituted as a party."

[2] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

and sentenced to eight years' imprisonment for the counts in each case on March 7, 2012, and he did not file a direct appeal. (*See* doc. 13-4 at 76; 13-7 at 72; 13-10 at 68.) On September 15, 2013, Petitioner filed a state application for writ of habeas corpus for each case with the trial court, and the applications were ultimately denied without written order by the Texas Court of Criminal Appeals on the trial court's finding without a hearing on December 18, 2013. (Doc. 13-4 at 2; doc. 13-7 at 2; doc. 13-10 at 2); *see Ex parte Joseph*, WR-80,538-01, -02, and -03 (Tex. Crim. App. December 18, 2013). On April 7, 2014, he filed a second state application for writ of habeas corpus in each case, and each was ultimately dismissed under Texas Code of Criminal Procedure article 11.07, § 4. (Doc. 13-11; doc. 13-13; doc. 13-15); *see Ex parte Joseph*, WR-80,538-04, -05, and -06 (Tex. Crim. App. June 4, 2014).

Petitioner's federal petition, mailed on July 2, 2014, raises the following claims: (1) actual innocence; (2) ineffective assistance of counsel because counsel did not investigate and present exculpatory evidence from several witnesses; (3) conflict of interest because counsel was under investigation by the district attorney; and (4) coercion of Petitioner's statement by a police investigator. (*See* doc. 3 at 6-7.)

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

A.      **Calculation of One-Year Period**

The one-year period is calculated from the latest of either (A) the date on which the judgment

of conviction became final; (B) the date on which an impediment to filing an application created by

State action in violation of the Constitution or laws of the United States is removed, if the applicant

was prevented from filing by such State action; (C) the date on which the Supreme Court initially

recognizes a new constitutional right and makes the right retroactively applicable to cases on

collateral review; (D) the date on which the facts supporting the claim became known or could have

become known through the exercise of due diligence.  *See id*. § 2244(d)(1)(A)-(D).

Here, Petitioner has not alleged a state-created impediment (subparagraph (B)) that prevented

him from filing his federal petition or any new constitutional right (subparagraph (C)).  The one-year

statute of limitations is therefore calculated from the latest of the date his conviction became final

(subparagraph (A)) or the date on which he knew or should have known with the exercise of due

diligence the facts supporting his claims (subparagraph (D)).

Because Petitioner did not appeal the trial court's May 10, 2010 judgments of deferred

adjudication, they became final thirty days later, on June 9, 2010.  *See* Tex. R. App. P. 26.2(a) (1)

(stating that "[t]he notice of appeal must be filed ... within 30 days after the day sentence was

imposed or suspended in open court, or after the day the trial court enters an appealable order").[3]

Petitioner's claims relate to the May 10, 2010 judgment of deferred adjudication, and the one-year

limitations period for those claims expired on June 9, 2011.

The facts supporting Petitioner's claims became known or could have become known prior

to the date his judgments became final.  Because Petitioner filed his § 2254 petition several years

---

[3]The Fifth Circuit has held that orders of deferred adjudication probation are final judgments for purposes of AEDPA's statute of limitations.  *See Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005).

3

after his judgments became final in 2010, a literal application of § 2244(d)(1) renders his July 2, 2014 petition untimely.

**B.      Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner did not file his first state writ applications until September 15, 2013, 2012, several years after the one-year limitations periods had expired in June 2011. An application filed in state court after the limitations period has expired does not operate to statutorily toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). The statutory tolling provision does not save this petition.

**C.      Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if

he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Petitioner asserts that once he had access to a law library, he studied every week, he learned he had grounds for relief in August 2013, and he mailed his first state habeas applications one month later. (Doc. 3 at 9.) He does not allege there was any state-created impediment regarding his access to a law library that delayed the start of the limitations period under § 2244(d)(1)(B). He does not allege the date on which he gained access to a law library, nor does he allege why there was any delay in access to a law library. He does not explain why he could not access a public law library or legal materials while he was on deferred adjudication probation. A delay in access to a law library is not itself a rare and exceptional circumstance that warrants equitable tolling. *See Lewis v. Casey*, 518 U.S. 343, 362 (1996) (Lockdown prisoners "routinely experience delays in receiving legal materials or legal assistance." If such delays "are the product of prison regulations reasonably related to legitimate penological interests, such delays are not of constitutional significance"). A lack of knowledge about legal rights is not a basis for equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (citing *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991)). He has failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his federal petition is barred by the statute of limitations.

D.    **Actual Innocence**

Petitioner asserts that he is actually innocent of the indecency with a child charges.  (Doc.

3 at 6, 9; doc. 4 at 1, 5, 6.)  In *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1928-31 (2013),

the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due

diligence required to equitably toll the statute of limitations, a plea of actual innocence can

overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a

procedural bar.  A tenable actual innocence claim must persuade a district court that, in light of the

new evidence, it is more likely than not that no rational fact-finder would have found the petitioner

guilty beyond a reasonable doubt in light of the new evidence.  *Id*. at 1928, 1935.  The untimeliness

of a plea of actual innocence does bear on the credibility of the evidence offered.  *Id*. at 1935-36.

Petitioner relies on his daughter's affidavit, dated July 1, 2013, which states that Petitioner

"was never alone with any of his accusers nor did he ever touch them in an inappropriate way."

(Doc. 4 at 5.)  His girlfriend's affidavit, dated August 20, 2013, states she spent most of her time at

his home in the summer of 2009, and she "did not observe any inappropriate behavior between

[Petitioner] and the alleged three victims."  (*Id*. at 6.)  This evidence is not new.  Petitioner claims

that he told counsel about witnesses who could support his version of the events, including his

daughter and his girlfriend – the two affiants. (Doc. 5 at 1.)  Although the affidavits were prepared

in 2013, the substance of the affidavits was known to Petitioner before trial.  *See Moore v.*

*Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008) (information in an affidavit was not new, because

"it was always within the reach of [Petitioner's] personal knowledge).  Also, the daughter's affidavit

does not explain how she knows Petitioner was never alone with the alleged victims and never

committed the offenses.  She does not explain that she was present the entire time when Petitioner

was with the alleged victims and that she never took her eyes off them.  The girlfriend's affidavit only asserts she did not observe an offense.  She does not state facts that show the offenses did not happen.

In the plea documents, Petitioner judicially confessed that he committed the offenses.  (Doc. 13-4 at 43; doc. 13-7 at 40; doc. 13-10 at 41.)  In light of his judicial confessions and the "great evidentiary weight" accorded to court documents, *see United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) , the affidavits do not show he is actually innocent of the offenses.

Even if *McQuiggin* applies to this case, *see Thomas v. Stephens*, 4:13-CV875-A, 2014 WL 929031 at *3 (N.D. Tex. March 7, 2014) (citing cases that split on the applicability of *McQuiggin* to a guilty plea case), Petitioner has not shown that he is entitled to equitable tolling based on his claim of actual innocence.  He has not overcome the statute of limitations, and his federal petition is time-barred.

## III.  RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED on this 15th day of August, 2016.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE